UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**SIMEON SCHEMYN MCKINNIE**                                                                 **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 4:08-CV-P18-M**

**DEPUTY SETH COLVERT et al.**                                                              **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Simeon Schemyn McKinnie, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff is incarcerated at the Daviess County Detention Center (DCDC). He filed two complaints regarding his incarceration at DCDC, which have been consolidated. In his first complaint (Civ. Action No. 4:08-CV-18-M), he sues DCDC Deputy Seth Colvert in his official capacity. He states that he has been threatened by guards and placed into segregation at DCDC based on his not being from Owensboro. He asks only for "release from illegal detention." In his second complaint (Civ. Action No. 4:08-CV-22-M), he sues DCDC, alleging that: (1) the commissary did not provide all of his items and then told him that if he opened the bag to check he would not be reimbursed; (2) he should be working in the community, but he has not been allowed to and that he is therefore being denied the opportunity to earn pay; (3) a guard is discriminating against him and threatening him because he is not from Owensboro; and (4) DCDC is not following the rules for opening legal mail in front of him. He asks for monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

### *A. Official-capacity claims against Deputy Colvert*

Plaintiff's allegations against Deputy Colvert are that, in response to something said by another inmate, Deputy Colvert allegedly stated that he wished that he could lock everyone up who was not from Owensboro and beat them. He further alleges that Deputy Colvert later told Plaintiff to turn off the television, and that Plaintiff responded to Deputy Colvert that he was talking to him like that because he (Plaintiff) was not from Owensboro, at which point Deputy Colvert put Plaintiff on seven days of restriction. He further alleges that when he told Deputy Colvert to give him a copy of the write-up, Deputy Colvert sent him to the "regular jail on 24 hour lock down," where Plaintiff has been ever since.

Plaintiff sues Defendant Colvert in his official capacity. If an action is brought against an

official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against Defendant Colvert in his official capacity are actually brought against the county. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the

city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff does not allege that Deputy Colvert's alleged actions were dictated by a custom or policy of Daviess County. As such, this claim must be dismissed for failure to state a claim. *Garner*, 8 F.3d at 364.

### B. Claims against DCDC

Plaintiff sues DCDC. However, DCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Daviess County that is the proper defendant in this case. *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Daviess County is a "person" for purposes of § 1983. *Monell*, 436 U.S. at 690. The Court will therefore construe the

claims against DCDC as brought against Daviess County. As already discussed, in a § 1983 claim made against a municipality, a court must analyze: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins*, 503 U.S. at 120.

   *1.* *Claims regarding the commissary*

Plaintiff alleges that the commissary did not provide him all of his items. Assuming without deciding that Plaintiff has alleged a policy regarding the operation of the commissary, he has not alleged a constitutional claim. An inmate has no federal constitutional right to be able to purchase items from a commissary. *See Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir.1996) ("[W]e note that we know of no constitutional right of access to a prison gift or snack shop."); *Hopkins v. Keefe Commissary Network Sales*, No. 07-745, 2007 WL 2080480, at *5 (W.D. Pa. July 12, 2007). Plaintiff's challenge to DCDC's commissary's refund policy does not present a constitutional claim. *Cf. Oliver v. Greenwell*, No. 1:05-CV-111-LMB, 2005 WL 2406015, at *3 (E.D. Mo. Sept. 29, 2005) (dismissing a prisoner's challenge to items not available at the prison canteen); *Poole v. Stubblefield*, No. 4:05-CV-1005-TCM, 2005 WL 2290450, at *2 (E.D. Mo. Sept. 20, 2005) (dismissing a prisoner's challenge to taxes on the prison's commissary items). Consequently, this claim must be dismissed for failure to state a claim.

   *2.* *Claim regarding working in the community*

Plaintiff alleges that he has not been allowed to work in the community. Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints regarding working in the community. Moreover, the law is clear that an inmate has no constitutional liberty or property interest in prison employment. *Newsom v. Norris*, 888 F.2d

371, 374 (6th Cir. 1989); *Meehan v. Reynolds*, Nos. 95-6487, 96-6638, 1997 WL 681508 (6th Cir. Oct. 30, 1997). Without an underlying constitutional deprivation, this claim would fail even if Plaintiff had alleged the existence of a policy at DCDC. This claim must be dismissed as well.

      3.     *Discrimination from guard because not from Owensboro*

Plaintiff alleges that a guard has told him that he wants to beat up everyone who is not from Owensboro. Plaintiff does not allege that there is a policy or custom that is "the moving force" behind a constitutional violation, and as such has not established the liability of DCDC. *See Searcy*, 38 F.3d at 286. Therefore, this claim must be dismissed for failure to state a claim.

      4.     *Claims regarding legal mail*

In his fourth claim against DCDC, Plaintiff simply states, "They aren't following the rules of opening my legal mail in front of me." He does not allege that there is a policy of unconstitutionally opening his legal mail. He does not identify who is opening his mail or describe any facts surrounding the alleged violation showing anything more than negligence. Some factual basis for claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The Court is not required to accept conclusory and unsupported statements. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). As such, this claim does not state a claim upon which relief may be granted.

## III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss Plaintiff's claims.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Daviess County Attorney
4414.009